### SPAULDING *vs.* BREWSTER.

It is only in a few exceptional cases, when the vendor of goods has the usual *indicia* of ownership, and the true owner has parted with the possession, that such vendor can make a sale of the goods which will be valid as against such rightful owner. The general rule is that a seller of merchandise, having no title, can convey none, as against the true owner.

Where a bill of sale of goods is obtained by fraud, one purchasing from the fraudulent vendee will acquire no title, even if the jury should find that he purchased in good faith. The fraud vitiates the title of the fraudulent vendee, and he can transfer none to another; certainly not without an actual delivery of the goods to him.

The original owner having, under such circumstances, the legal title to the goods, and the actual possession, notwithstanding his bill of sale to the fraudulent vendee, such title must prevail over the claim of one deriving title from the latter. The maxim *caveat emptor* applies.

APPEAL from a judgment rendered at the circuit, on the verdict of a jury. The action was brought to recover the possession of certain personal property, consisting of household furniture. The answer denied the allegations of the complaint, and alleged, that at the time referred to in the complaint, and for a long time previously thereto, the defendant was, and still is, the owner, and was possessed of the goods and chattels named in said complaint, and, as such owner, maintained, and still maintains possession of the same. That whatsoever title, or color of title, the plaintiff may have obtained to said chattels had been obtained through one Sanger, and was based upon a certain paper purporting to be a bill of sale of said chattels from the defendant to said Sanger ; which said paper was obtained by said Sanger from the defendant, in a false and fraudulent manner, and upon false pretences, and without any consideration, and was therefore void. That the plaintiff well knew the fraudulent means by which said alleged bill of sale was obtained, and was acting for said Sanger, and was conspiring with him to deprive the defendant of her said property.

The jury found a verdict in favor of the plaintiff, assessing

Spaulding *v.* Brewster.

the value of the property at $453, and the damages at $18.48.

*H. S. Bennett,* for the appellant.

*Birdsall & Bisgood,* for the respondent.

*By the Court,* GILBERT, J. This was an action to recover the possession of personal property. The goods originally belonged to the defendant, Mrs. Brewster. She gave a bill of sale of them without delivering possession to Mrs. Sanger, and the latter soon after sold and gave a bill of sale of them to the plaintiff, the possession still being in Mrs. Brewster. One point litigated on the trial was, that there had never been a valid delivery of the bill of sale from Mrs. Brewster to Mrs. Sanger, but, that it had been procured by the fraud of an agent of the latter.

Upon the trial, the justice charged the jury, that if the first bill of sale was procured in the manner alleged by the defendants "then it is not a delivery, and Mrs. Sanger, as against Mrs. Brewster, got no title whatever. If you find for the defendant on this issue, then you have got a step further to go. You have got to find from the evidence in this case, that the plaintiff is a person who has either purchased in bad faith, or a person who has purchased with such knowledge or means of knowledge of this transaction itself, as will make him what the law terms a purchaser in bad faith." This was error. There was evidence on which the jury might find that the fraud alleged had been perpetrated. If they should so find, then the plaintiff acquired no title, even if the jury should find that he purchased in good faith. The fraud vitiated the title of Mrs. Sanger, and she could transfer none to the plaintiff; certainly not without an actual delivery of the goods to her. There was no delivery in this case, either to Mrs. Sanger or to the

plaintiff. Mrs. Brewster never parted with the possession of them until the commencement of this action.

Having still, as we must on this appeal assume she had, the legal title to the goods, and the actual possession of them, notwithstanding her bill of sale to Mrs. Sanger, such title must prevail over the claim of the plaintiff. The maxim *caveat emptor* applies in full force. It is only in a few exceptional cases, when a vendor has the usual *indicia* of ownership, and the true owner has parted with the possession of the goods sold, that such vendor can make a sale of them which will be valid as against such rightful owner. (*Williams* v. *Merle*, 11 *Wend.* 80. *Salters* v. *Everett*, 20 *id.* 267. *Ash* v. *Putnam*, 1 *Hill*, 306. *Ely* v. *Ehle*, 3 *Comst.* 506. *Brower* v. *Peabody*, 13 *N. Y. Rep.* 126.) The general rule is that a seller of merchandise having no title, can convey none, as against the true owner.

The verdict being a general one, it is impossible to say that this error was not injurious.

A new trial must, therefore, be granted, with costs to abide the event.

[ORANGE GENERAL TERM, September 9, 1867. *Lott, J. F. Barnard* and *Gilbert*, Justices.]